low that it had no power to pass upon the incidental relief sought.

It is not suggested in the briefs that there is any ground for considering the relief as to the bond issue separate and apart from a consideration of the validity of the elections; indeed, we do not understand that the vote on the proposition to issue bonds is questioned as a distinct and separate matter.

From the above considerations it follows that the Circuit Court should have ordered the bill dismissed for want of jurisdiction. We shall therefore reverse the decree and remand the cause with directions to enter an order dismissing the bill for want of jurisdiction.

*Reversed and remanded with directions.*

---

**John P. O'Connor et al., Appellants, v. High School Board of Education of Evanston High School District et al., Appellees.**

**Gen. No. 23,470. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1917. Reversed and remanded with directions. Opinion filed December 24, 1917. Rehearing denied January 7, 1918.

### Statement of the Case.

Bill by John P. O'Connor and others, complainants, against High School Board of Education of Evanston High School District and others, defendants, to have certain elections declared void and for injunctional relief as to the issuance of bonds or using of tax levies for carrying out the votes taken on such elections. From a decree in favor of defendants, complainants appeal.

This case is governed by the decision in *O'Connor v. Evanston High School Board of Education*, Gen. No. 23,469, *ante*, p. 247.

HOWARD T. WILCOXON and WILLIAM SHERMAN CARSON, for appellants.

WILSON, MOORE & MCILVAINE, for appellees; N. G. MOORE, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

---

## Benjamin Wolf, Appellee, v. Ideal Sheet Metal Works, Appellant.

### Gen. No. 23,154.

CORPORATIONS, § 256*—*when corporation is bound by act of controlling stockholder and president in employing agent to procure funds.* Where the controlling stockholder of a corporation and its general manager, president and director, in order to develop its business, employed plaintiff to secure certain funds for the corporation and promised on behalf of the corporation to compensate him therefor, and plaintiff procured the funds, which were placed in the treasury of the corporation, and the capital stock of the corporation was increased and stock issued to the party furnishing the funds, the corporation was bound by the conduct of the stockholder.

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed December 28, 1917.

STEDMAN & SOELKE, for appellant.

GEORGE A. MCCORKLE and BENJAMIN WOLF, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.